UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIFFANY BERKLEY,
    Plaintiff,
vs.                            CASE NO.: 6:23-cv-01307

MELWOOD NURSING CENTER, LLC
d/b/a LIFE CARE CENTER OF MELBOURNE,
LIFE CARE CENTERS OF AMERICA, INC.,
    Defendants.

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TIFFANY BERKLEY, by and through her undersigned counsel, sues Defendants, MELWOOD NURSING CENTER, LLC d/b/a LIFE CARE CENTER OF MELBOURNE, and LIFE CARE CENTER OF AMERICA, INC., (hereinafter "Defendants"), and alleges as follows:

1. This is an action brought pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. Sections 2601 to 2654, to obtain relief for denial and violation of medical leave rights guaranteed by the FMLA.

2. This is an action for damages that exceed the minimum Jurisdiction of this Court.

3. The unlawful employment practices alleged were committed within Brevard County, Florida.

4. Plaintiff is and has been a resident of Brevard County, Florida, at all times material herein.

5. Plaintiff was hired by Defendant, LIFE CARE CENTER OF MELBOURNE on or about October 19, 2021, and worked at least 1250 hours over the twelve (12) months prior to her termination and was an "employee" as defined by FMLA Statute, 29 U. S. C. §2611(4).

6. Defendant employed in excess of fifty (50) employees within seventy-five (75) miles of Plaintiff's worksite for each working day during each of twenty (20) or more calendar work weeks in the year culminating in Plaintiff's termination and is an "employer" as defined by FMLA Statute, 29 U.S.C. §2611(4).

7. Plaintiff worked as an Assistant Housekeeping Manager.

8. On or about May 20, 2023, Plaintiff was injured at work when a bed rolled over her foot. Plaintiff reported the accident, but was told to simply walk it off.

9. Plaintiff continued to work and reported her pain and discomfort to her Manager, the Administrator and to Human Resources. Again, she was told to walk it off.

10. Plaintiff's foot pain got so bad she went to the emergency room on June 6, 2023. During this time, Plaintiff continued to communicate with Human Resources about her medical treatments.

11. On or about June 9, 2023, Plaintiff was admitted again into the emergency room at Health First Palm Bay.

12. While at the hospital on June 9, 2023, Plaintiff received a call from the Administrator of LIFE CARE CENTER OF MELBOURNE. After Plaintiff informed LIFE CARE CENTER OF MELBOURNE of her significant medical condition, she was terminated.

13. Defendant blatantly disregarded 29 U.S.C. §2615 in direct violation of Congress' Family and Medical Leave Act of 1993 and terminated Plaintiff while she was suffering from complications of accident that occurred while on the job.

14. The Defendant's actions against the Plaintiff in violation of the FMLA were done wantonly, maliciously, willfully and with the intent to do harm to Plaintiff.

15. Plaintiff has retained the undersigned law firm and agreed to pay a reasonable fee.

16. Plaintiff has suffered and continues to suffer grave and severe damage to her financial welfare by reason of Defendant's unlawful actions against the Plaintiff.

17. At all times relevant, Plaintiff was an employee of Defendants within the meaning of FLSA, 29 U.S.C. § 203(e).

18. Defendants are employers as defined by FLSA, 29 U.S.C. § 203(d).

19. At all times material hereto, Defendants MELWOOD NURSING CENTER, LLC d/b/a LIFE CARE CENTER OF MELBOURNE and LIFE CARE CENTERS OF AMERICA were a single enterprise, sharing among other things, employee handbook, corporate officers and policies.

20. At all times material hereto, Defendants were joint employers of the Plaintiff.

21. LIFE CARE CENTERS OF AMERICA is a registered Corporation with the Florida Division of Corporations as a Foreign Profit Corporation with its principal address in Cleveland, TN.

22. Defendants are jointly and severally liable to Plaintiff for all wages, salary, employment benefits and other compensation denied or lost Plaintiff by reason of Defendant's violation of the FMLA.

## COUNT I
## INTERFERENCE WITH RIGHTS IN VIOLATION OF FMLA

23. Plaintiff incorporates and re-alleges paragraphs 1 through 22 of this complaint as fully as if set forth herein.

24. LIFE CARE CENTER OF MELBOURNE, disregarded 29 U.S.C. §2615(a)(1) in direct violation of Congress' Family and Medical Leave Act of 1993 by terminating Plaintiff on June 9, 2023 while Plaintiff was at the emergency room for a significate medical condition.

25. As a result of Plaintiff's entitlement to FMLA leave, Defendant caused an adverse employment action upon Plaintiff by terminating Plaintiff.

26. At all times during her employment with Defendant, Plaintiff performed all duties assigned to her in a professionally competent manner.

27. In order to interfere with Plaintiff's rights under the FMLA, employer made the decision to terminate her employment while she was at the hospital.

28. A motivating factor in Plaintiff being terminated was for not coming into work while she was in the hospital due to a significant medical condition requiring hospitalization.

29. The Defendant's actions against the Plaintiff in violation of the FMLA were done wantonly, maliciously, willfully and with the intent to do harm to Plaintiff.

30. Plaintiff has retained the undersigned law firm and agreed to pay a reasonable fee.

31. Plaintiff has suffered and continues to suffer grave and severe damage to her financial and mental welfare by reason of Defendant's unlawful actions against the Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant, as follows:

a. Judgment for all wages, salary, employment benefits and other compensation denied or lost Plaintiff by reason of Defendant's violation of the FMLA;

b. Interest;

c. An additional amount as liquidated damages;

d. An award of reasonable attorney's fees and all costs incurred herein;

e. Such other damages as may be just and proper.

## **COUNT II**
## **RETALIATION IN VIOLATION OF FMLA**

32. Plaintiff incorporates and re-alleges paragraphs 1 through 22 of this complaint as fully as if set forth herein.

33. Plaintiff has exhausted her administrative remedies prior to bringing this action.

34. Plaintiff has complied with all conditions precedent prior to bringing this action.

35. At all times during her employment with Defendant, Plaintiff performed all duties assigned to her in a professionally competent manner.

36. The Defendant's actions against the Plaintiff were in violation of the FMLA and were done wantonly, maliciously, willfully and with the intent to do harm to Plaintiff.

37. As a result of Plaintiff seeking medical treatment for her injury, Defendant caused an adverse employment action upon Plaintiff, including terminating Plaintiff.

38. Defendant knew or should have known that Plaintiff had a covered medical condition which imputed on Plaintiff's FMLA rights.

39. Plaintiff has retained the undersigned law firm and agreed to pay a reasonable fee.

40. Plaintiff has suffered and continues to suffer grave and severe damage to her financial welfare by reason of Defendant's unlawful actions against the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant, as follows:

a. Judgment for all wages, salary, employment benefits and other compensation denied or lost Plaintiff by reason of Defendant's violation of the FMLA;

b. Interest;

c. An additional amount as liquidated damages;

d. An award of reasonable attorney's fees and all costs incurred herein;

e. Such other damages as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

DATED this 13th day of July 2023.

                ARCADIER, BIGGIE & WOOD, PLLC

                */s/Maurice Arcadier, Esquire*
                Maurice Arcadier, Esquire
                Lead Counsel
                Florida Bar No. 0131180

2815 W. New Haven, Suite 304  
Melbourne, Florida 32904  
Primary Email: office@ABWlegal.com  
Secondary: arcadier@ABWlegal.com  
Phone: (321) 953-5998  
Fax: (321) 953-6075